[Cite as *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720.]

THE STATE EX REL. MILLER, APPELLANT, *v.* OHIO STATE HIGHWAY PATROL ET AL., APPELLEES.

[Cite as *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720.]

*Public records—R.C. 149.43—Mandamus—Clear and convincing evidence— Action improperly dismissed by court of appeals for failure of proof— Relator's evidence established that public-records request was made and refused in part—Custodian must demonstrate that refusal was justified by statutory exemption from disclosure.*

(No. 2012-2132—Submitted June 4, 2013—Decided September 3, 2013.)

APPEAL from the Court of Appeals for Clermont County, No. CA2012-05-034.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal of a public-records mandamus case filed initially in the Twelfth District Court of Appeals in Clermont County. Appellant, Mark Miller, asserts that he made a public-records request of appellees, the Ohio State Highway Patrol and its employee Jeff Maute (collectively, "the Patrol"), seeking records related to traffic incidents involving a particular trooper. The Patrol provided some records, but Miller asserts that it continues to withhold video and audio recordings and reports involving the traffic stop and arrest of a particular person on July 15 or 16, 2011. The Patrol acknowledges that "information regarding open/pending criminal cases is being withheld" because of the investigatory-work-product exception to the Public Records Act, R.C. 149.43.

**{¶ 2}** On motion by the Patrol, the Twelfth District dismissed the action. Although the court found that Miller's evidence had not been presented in a timely manner or in the required form—a fact that mandates dismissal by local

rule—it nevertheless considered the evidence, which includes a letter from the Patrol establishing on its face that the Patrol has refused to release certain documents requested by Miller. Because the Patrol must support its contention that the withheld material falls under the "confidential law enforcement investigatory record" exception to the Public Records Act, we remand to the Twelfth District for that court to determine whether the documents fall within the asserted exception.

## Facts

**{¶ 3}** Miller filed a mandamus action in the Twelfth District Court of Appeals alleging that he sent a public-records request to the Patrol on September 9, 2011. In support of this allegation, he attached to the complaint a copy of the letter making the request. The letter is undated. Miller also alleged that the letter was sent by certified mail and, as evidence, attached a return receipt to the complaint. Miller asserts that the return receipt indicates that the public-records request "was received on September 19, 2011," but the return receipt indicates that the item was delivered on June 3, 2011.

**{¶ 4}** The letter requested a number of records, some of which relate to Trooper Joseph Westhoven during the summer of 2011. Miller asserts that none of the records sought in the letter are exempt from disclosure under the Public Records Act.

**{¶ 5}** As of October 27, 2011, apparently because of a mix-up dealing with an e-mail address, Miller believed that the Patrol had not responded to his public-records request. As a result, he filed a mandamus action in the Twelfth District. The Patrol pointed out that it had provided responsive documents to the e-mail address in the letter, and Miller dropped the mandamus action.

**{¶ 6}** Miller alleges that while it was true that the Patrol had provided some of the requested documents, it refused to produce several requested records that it claimed were not subject to disclosure. The only records at issue in this

2

action are video and audio recordings from Trooper Westhoven's cruiser and impaired-driver reports dealing with the traffic stop, detention, arrest, and transport of Ashley Ruberg on July 15 or July 16, 2011.

{¶ 7} In a letter addressed to Miller's attorney on March 20, 2012, the Patrol confirmed its refusal to provide the records at issue and explained that the refusal was based on its belief that the documents were investigatory work product for an ongoing criminal investigation and were not subject to disclosure under the Public Records Act, specifically, R.C. 149.43(A)(1)(h) and (2). The March 20, 2012 letter, rather than being a response to the undated request letter as Miller asserts, responded to a February 16, 2012 request that evidently asked more specifically for records regarding Ashley Ruberg. Miller asserts that the records do not constitute investigatory work product, but are public records not subject to any exemption. Miller's complaint prays for a writ of mandamus compelling the release of these records and the payment of statutory damages, attorney fees, and costs.

{¶ 8} Miller's complaint was filed on May 10, 2012. The Patrol's answer was filed on June 6, 2012. Under local rules, all evidence must be presented and the relator's brief filed within four months of the filing of an original action; if these actions are not taken, the action "shall be dismissed" unless good cause is shown. Loc.R. 20(N) of the Twelfth District Court of Appeals. Under these rules, the evidence and Miller's brief were due no later than September 10, 2012. Loc.R. 20(G) and (H). Counsel for Miller sent an e-mail to counsel for the Patrol on September 6, 2012, stating that he was planning on drafting an agreed statement of facts that day. Counsel for the Patrol responded that she would not be able to review the statement with her clients or agree to a statement by the September 10 deadline, less than three business days later. Counsel for the Patrol said that she would not agree to a joint motion for extension of time, but pointed out that counsel for Miller could file such a motion.

Miller's counsel responded that he would simply file the brief on September 10 with no stipulations.

{¶ 9} However, rather than filing a brief, counsel for Miller filed an affidavit with exhibits on September 10, 2012. The exhibits are the same ones attached to the complaint—the undated letter, the certified-mail return, and the March 20, 2012 response. The Patrol filed a motion to strike the affidavit and a motion to dismiss. The Twelfth District then issued a show-cause order directing Miller to explain why the action should not be dismissed. The next day, Miller filed a brief on the merits, and a week later, a response to the motion and show-cause order. The Patrol replied to Miller's response and moved to strike his brief on the basis that Miller's "entire case rests on information that does not comport" with the local rules.

{¶ 10} The Twelfth District determined that although Miller had failed to comply with the local rule requiring that evidence be presented in the form of an agreed statement of facts, stipulations, or depositions, *see* Loc.R. 20(G), it would nevertheless consider Miller's affidavit and attachments "for whatever evidentiary value [they] may have."

{¶ 11} The court of appeals then found that Miller had not established a clear legal right to relief. In so finding, the court detailed numerous defects in Miller's case, including procedural defaults, contradictory and unsupported factual claims, and a faulty timeline. The court concluded that Miller had not established a clear legal right, by clear and convincing evidence, to the records involving Ashley Ruberg. "No evidence, other than the statements in relator's affidavit, has been submitted indicating that relator's specific request, which did not even mention the name 'Ashley Ruberg,' was ever denied, improperly or otherwise." *State ex rel. Miller v. Ohio State Hwy. Patrol,* 12th Dist. Clermont No. CA2012-05-034, at 5 (Nov. 21, 2012).

{¶ 12} Miller appealed to this court.

4

**Legal Analysis**

{¶ 13} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1).

{¶ 14} Although "[w]e construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records," *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6, the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus ("Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence").

> Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} In this case, the standard of "clear and convincing evidence" is especially problematic for Miller. Miller's evidence of his public-records request and of the Patrol's response to it was incomplete and confusingly presented.

{¶ 16} For example, Miller states that his request was sent on September 9, 2011, but the letter attached as an exhibit is undated. The exhibit purporting to be the return receipt for this letter shows a delivery date of June 3, 2011, which predates the creation of the records Miller claims he wants from the Patrol. The other exhibit attached to Miller's affidavit is a letter from the Patrol dated March 20, 2012, which is a response to a different records request, although one that pertains to similar subject matter.

{¶ 17} The Patrol pointed out Miller's failure to submit evidence and a brief in compliance with local rules. Nevertheless, the Twelfth District—albeit reluctantly—considered the evidence and denied the Patrol's motions to strike, stating, "While affidavits are not mentioned in the rule, [Miller's] affidavit will be considered by the court for whatever evidentiary value it may have." 12th Dist. Clermont No. CA2012-05-034, at 3.

{¶ 18} However, given that the evidence was accepted, that court abused its discretion by deciding that Miller presented no evidence that his records request had ever been denied. Regardless of the other contradictory and confusing evidence, the March 20, 2012 letter from the Patrol demonstrates on its face that Miller made a public-records request and that the Patrol partially complied with that request but withheld some records. The existence and authenticity of the letter are not contested by the Patrol.

{¶ 19} Specifically, the heading of the March 20, 2012 letter reads, "February 16, 2012 Public Records Request." The letter also refers to a February 16, 2012 request and a follow-up e-mail on March 13, 2012. It states that records "were previously provided to you on behalf of your client, Mark Miller." It quotes the public-records request as asking for

[a]ny and all video and audio records from the police cruiser operated by Trooper Joseph Westhoven, Batavia Patrol

Post, from the beginning of his shift on July 15, 2011 through the end of his shift on July 16, 2011. This audio and video should specifically pertain to and include the stop, detention, arrest and transport of Ashley Ruberg.

{¶ 20} A similar quote reflects a request for impaired-driver reports for the same dates, specifically those relating to Ashley Ruberg.

{¶ 21} Thus, the letter shows that the February 16, 2012 public-records request specifically asked for records pertaining to Trooper Westhoven's stop and arrest of Ashley Ruberg on July 15 through 16, 2011. The letter states that discs containing the recordings and reports were enclosed, but also states that investigative work product "may be excluded" or "is being withheld." Miller claims that the portions of the records documenting the Ashley Ruberg incident were withheld, and the Patrol admitted in its answer that those records were not provided.

{¶ 22} In other words, however maladroit Miller's complaint and presentation of evidence, the letter from the Patrol is clear and convincing evidence that Miller has stated a claim for relief, in that he requested public records and those records have not been produced. In particular, the March 20, 2012 letter is evidence that (1) Miller made, through counsel, a public-records request regarding recordings and impaired-driver reports from Trooper Westhoven for the dates of July 15 and 16, 2011, including those specifically regarding Ashley Ruberg, (2) the Patrol responded by providing most of the requested records, and (3) the Patrol withheld some records under the investigatory-work-product exception.

{¶ 23} Having refused to provide requested records, the Patrol must show that the withheld records fall squarely within a statutory exception. Exceptions to disclosure under the Public Records Act are strictly construed against the public-

records custodian, and the custodian has the burden to establish the applicability of an exception. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus, citing *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30; *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 25. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. *Cincinnati Enquirer* at ¶ 7.

{¶ 24} The exception the Patrol invokes in the March 20 letter is "investigat[ory] work product," which is not in and of itself an exception, but an element of a larger exception. That exception is codified at R.C. 149.43(A)(1)(h), which excludes "confidential law enforcement investigatory records" from the definition of "public record." A "confidential law enforcement investigatory record" is defined in R.C. 149.43(A)(2) as

> any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
>
> * * *
>
> (c) Specific confidential investigatory techniques or procedures or specific *investigatory work product*.

(Emphasis added.)

{¶ 25} Whether a particular record is a "confidential law enforcement investigatory record" is determined by a two-part test. " ' "First, is the record a confidential law enforcement record? Second, would release of the record 'create a high probability of disclosure' of any one of the four kinds of information

specified in R.C. 149.43(A)(2)?" ' " *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 19, quoting *State ex rel. Beacon Journal Publishing Co. v. Maurer*, 91 Ohio St.3d 54, 56, 741 N.E.2d 511 (2001), quoting *State ex rel. Polovischak v. Mayfield,* 50 Ohio St.3d 51, 52, 552 N.E.2d 635 (1990). Thus, the Patrol needs to establish that the withheld records pertain to a "law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature" whose release would create a "high probability of disclosure" of "specific investigatory work product."

**{¶ 26}** "Specific investigatory work product" consists of "information, including notes, working papers, memoranda, or similar materials, assembled by law enforcement officials in connection with a probable or pending criminal proceeding." *State ex rel. Beacon Journal Publishing Co. v. Maurer* at 56, citing *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 434, 639 N.E.2d 83 (1994). However, "specific investigatory work product" does *not* include "ongoing routine offense and incident reports." *Id.*, paragraph five of the syllabus. *See also Beacon Journal* at 57; *State ex rel. Logan Daily News v. Jones*, 78 Ohio St.3d 322, 323, 677 N.E.2d 1195 (1997). Records " 'even further removed from the initiation of the criminal investigation than the form reports themselves,' " such as 9-1-1 recordings, are also public records. *Beacon Journal, id.,* quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 378, 662 N.E.2d 334 (1996).

**{¶ 27}** Therefore, we remand the case to the Twelfth District to review the withheld records and determine whether they fall under the "confidential law enforcement investigatory record" exception to the Public Records Act, and specifically whether they would create a "high probability of disclosure" of "specific investigatory work product" as asserted by the Patrol.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney, Stagnaro, Saba & Patterson, Christopher P. Finney, and Bradley M. Gibson, for appellant.

Michael DeWine, Attorney General, and Morgan A. Linn, Assistant Attorney General, for appellees.

_____