Kennedy, J.,
concurring in part and dissenting in part.
{¶ 31} I agree with the majority that the request for a writ of mandamus is moot. However, I disagree with its determination that relator, James Pietrange-lo II, failed to demonstrate by clear and convincing evidence that he hand-delivered his public-records request to the Avon Lake Police Department. The recording clearly and convincingly demonstrates that Pietrangelo hand-delivered his public-records request to the police department. Therefore, I would hold that he is entitled to statutory damages. Accordingly, I concur in part and dissent in part.
{¶ 32} R.C. 149.43(C)(1) mandates the award of statutory damages for unreasonable delay in responding to a public-records request that was delivered by hand or by certified mail. The burden is on the requester to prove the delivery by clear and convincing evidence. State ex rel. Miller v. Ohio State Hwy. Patrol, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175. Clear and convincing evidence is “ ‘that measure or degree of proof which is more than a mere “preponderance of the evidence,” but not to the extent of such certainty as is required “beyond a reasonable doubt” in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.’ ” State ex rel. Husted v. Brunner, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
*280 {¶ 33} Pietrangelo is not a novice requester of public records. The Avon Lake Police Department records clerk, Michael Cipro, stated in his affidavit that Pietrangelo hand-delivered three separate requests to the police department from September 23, 2013, to August 17, 2014. Moreover, a review of this court’s docket reveals that this is the second legal action Pietrangelo has filed to obtain a public record and statutory damages. See State ex rel. Pietrangelo v. Avon Lake, 146 Ohio St.3d 292, 2016-Ohio-2974, 55 N.E.3d 1091.
{¶ 34} In this matter, the majority correctly points out that there are contradictory affidavits from Pietrangelo and the police-department employees on whether the request was hand-delivered on December 30, 2014. Majority opinion at ¶ 27. Accordingly, the recording that Pietrangelo submitted is critical evidence in resolving this dispute.
{¶ 35} The majority accurately depicts those portions of the recording that it has chosen to describe. However, the majority falls far short of giving a full and fair depiction of the contents of the recording.
{¶ 36} At the beginning of the recording, a cell phone display is shown, indicating the time and date as “11:54 AM, Tue, Dec 30,” and Pietrangelo’s two-page, typed public-records request is shown. The document is titled “Public Records Request,” is dated December 30, 2014, and states “via personal hand delivery to Avon Lake Police Department Safety Center.” During this part of the recording, Pietrangelo says, “OK, its 11:54 a.m., December 30, 2014, and I’ve got this public-records request, which I’m going to be—it’s a two pager—hand-delivering to the police department here in a second.”
{¶ 37} Pietrangelo was carrying the camera, so the video is shot from his perspective. The recording shows Pietrangelo exiting a vehicle and walking past a sign that states “Police Department Municipal Court Entrance,” with an arrow pointing toward an entrance to an office building behind the sign. It is evident from the recorded movement that Pietrangelo is walking in the direction of the police department and toward this entrance. Pietrangelo then enters an office building, holding the document, and says, “Hi, Inspector Cipro. That’s a request. I’m seeking more than just the reporter log, that’s like an actual request, so I’m requesting everything the department has relative to that incident.” Thereafter, a voice different from Pietrangelo’s responds, “OK.”
{¶ 38} The majority finds Pietrangelo’s recording to be inconclusive and states that Pietrangelo can be heard speaking to another person, indicating the he was seeking all documents relating to the incident, but that neither he nor the other person are heard referring to a written request. Majority opinion at ¶ 26. I disagree; when all aspects of the recording are considered, both the video and audio, Pietrangelo does refer to the written request and has proved by clear and convincing evidence that he hand-delivered it.
*281 {¶ 39} It is undisputed that Pietrangelo went to the police station on December 30, 2014. The recording establishes that Pietrangelo walked into the building holding the document, greeted “Inspector Cipro,” and was not corrected with respect to the identity of the person he greeted. Therefore, it is reasonable to infer from the video that Pietrangelo was greeting Cipro after walking into the police station with the document on December 30, 2014. After greeting Cipro, Pietrangelo states, “That’s a request.” In this context, “that” is a demonstrative pronoun; it refers to the document and conveys that the document is no longer in Pietrangelo’s hand. See Chicago Manual of Style, Section 5.51, 217 (16th Ed.2010). Cipro’s response of “OK” indicates an acknowledgement. Accordingly, it is reasonable to infer that Pietrangelo handed the document to Cipro and Cipro received it.
{¶ 40} A fair reading of the majority’s interpretation of what happened is that Pietrangelo, a frequent public-records requester, failed to deliver his written request despite recording himself holding the written request and saying it was his intention to hand-deliver it to the police station, walking into a building located behind a sign for the police station, and informing another person within the building that he had a public-records request. This conclusion is unreasonable.
{¶ 41} Moreover, with its holding, the majority has imposed upon Pietrangelo a burden of proof that far exceeds the evidentiary standard needed for proving hand-delivery of a public-records request. . The majority seems to require evidentiary proof above even the criminal standard of beyond a reasonable doubt and require incontrovertible evidence. Pietrangelo should take note of the burden placed upon him by the majority, and if he attempts a similar method to memorialize his hand-delivery of a public-records request in the future, he should be sure to capture himself handing the document to the employee of the entity from which he is seeking the public records.
{¶ 42} Nevertheless, as stated above, the standard of proof to be applied is clear and convincing evidence, Miller, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, which is that measure of proof that “ ‘will produce in thq mind of the trier of facts a firm belief or conviction as to the facts sought to be established,’ ” Husted, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting Cross, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. Because Pietrangelo has demonstrated by clear and convincing evidence that he hand-delivered his public-records request and that Cipro received his public-records request, I would hold that he is entitled to statutory damages.
{¶ 43} Accordingly, I concur in part and dissent in part.
French, J., concurs in the foregoing opinion.
*282 James E. Pietrangelo II, pro se.
Abraham Lieberman, Avon Lake Law Director,-and David M. Graves, Assistant Law Director, for respondents.