[Cite as *State ex rel. Harris v. Rose*, 2022-Ohio-3729.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. BYRON HARRIS | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 0022 |
| | : | |
| KELLY ROSE | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Complaint for Writ of Mandamus


JUDGMENT:                                              Granted in part and dismissed in part


DATE OF JUDGMENT ENTRY:              October 19, 2022


APPEARANCES:

For: Relator

Byron Harris #690-477
North Central Correctional Complex
PO Box 1812
Marion, Ohio 43301

For: Respondent

Dave Yost
Ohio Attorney General
George Horvath
Kelly Becker
Assistant Attorney Generals
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215

*Delaney, J.*

{¶1} On February 28, 2022, Relator Byron Harris filed a Complaint for Writ of Mandamus against Respondent Kelly Rose, Richland Correctional Institution. Harris seeks to compel Rose to produce certain records and video surveillance recordings.

## I. Factual background

{¶2} In his Complaint, Harris alleges he was moved to Restricted Housing on November 16, 2021, while housed at the Richland Correctional Institution ("RICI"). Restricted Housing allows a limited amount of property so Harris requested that his property be moved from the housing unit to RICI's property vault. On November 28, 2021, a sprinkler broke and allegedly damaged several items of Harris's property. At the time of the flooding, Harris claims his property was in the custody of RICI Sergeant Abrams. Harris did not learn of the alleged damage to his property until he was moved to North Central Correctional Complex ("NCCC").

{¶3} On December 14, 2021, Harris used the institution's electronic system of communication, JPay, to correspond with RICI prison officials regarding his alleged destroyed property. On December 21, 2021, Harris transmitted a public records request to Rose, in an electronic grievance via JPay, requesting the following: (1) the camera footage for November 28, 2021; (2) the camera footage for December 10, 2021.

{¶4} Rose responded on December 22, 2021, allegedly ignoring Harris's public records request but asking him to produce his property as evidence. Thereafter, on January 10, 2022, Harris asserted the camera footage is proof to support his claim. On January 11, 2022, NCCC Unit Manager, Jones, took pictures of Harris's damaged property and sent the evidence to Rose.

{¶5} Harris alleges on January 27, 2022, Rose sent a message indicating he knew Harris's property was damaged, but allegedly failed to acknowledge the public records request. On January 13, 2022, Harris sent Rose a public records request by certified mail. Harris requested the following information: "1) Camera footage from 12-10-21 TPU hallway RH-Range; 2) Camera footage from 11/16/21 Location 5 upper correction officer desk at 2:00 A.M. until 2:45; 3) Incident Report on or about 11.28.21; 4) Incident Report on 11/16/21 from officer Mrs. Coffman M; 5) All Report's (sic) Incident documentation from LT Sipes the R.I.B. Board Officer on 11/16/21, 11/17/21, 11/19/21; 6) E-Mails from correctional officer Coffman M. to R.I.B. officer chairman LT Sipes." RICI received the request on January 25, 2022 and responded accordingly.

{¶6} In response to Harris's Complaint, Rose filed an Answer and Affirmative Defenses on April 28, 2022. On May 3, 2022, the Court issued a Judgment Entry ordering the submission of evidence and briefs. On May 27, 2022, Rose filed a Motion for Extension of Time to Submit Evidence. The Court granted the motion on June 3, 2022, and simultaneously issued an amended scheduling order for the submission of evidence and briefs.

{¶7} On June 16, 2022, Harris filed a Motion for Extension of Time to File Appellant Brief. On this same date, Rose filed his evidence. The evidence includes an affidavit from Michelle Turner, the warden's assistant and public records coordinator for RICI. The Court granted Harris's motion on June 29, 2022, and issued an amended scheduling order for the submission of evidence and briefs. The Court indicated no further extensions would be granted. On July 29, 2022, Harris filed Instanter Pursuant to Civil Rule 6(B) Exscusable (sic) Delay Beyond Relator (sic) Control and Instanter Pursuant to

Civ. Rule 6B (sic) Denial Access to Court. The Court denied these motions on August 2, 2022. On August 1, 2022, Harris filed a Motion Requesting Preliminary Injunctions Denial of Access to Legal Matrials (sic) Needed to Meet Deadline Total Disreguard (sic) to Pending Legal or Active Case's (sic) after Being Notified. The Court denied this motion on August 3, 2022. On August 19, 2022, Harris filed Instataner (sic) Purusuant (sic) to Civ (sic) Rule (6B) (sic) Were (sic) a Delay Was Caused and Outta (sic) of Relator Controll (sic) Notice of Change of Address. The motion again requested an extension of time, which we denied in a Judgment Entry filed on August 29, 2022.

{¶8} Thereafter, Rose filed a Brief in Opposition to Relator-Inmate Harris' Complaint for Mandamus on August 22, 2022. Harris filed his Brief & Response & Reply to respondent's (sic) brief & Evidence Instatainer (sic) Persuant (sic) to Civl (sic) (R) (sic) 6(B) on September 12, 2022.

## II. ANALYSIS

{¶9} Mandamus is the appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To be entitled to mandamus relief, Harris must demonstrate by clear and convincing evidence that he has a clear legal right to the requested relief and that Rose has a clear legal duty to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-

Ohio-3720, 995 N.E.2d 1175, ¶ 14. Such evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *Id.*

{¶10} Harris bears the burden to plead and prove facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that Rose did not make the record available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26. Finally, the Public Records Act is construed liberally and any doubt resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

### A.    The December 21, 2021 Request

{¶11} On December 21, 2021, Harris sent the following public records request via JPay:

> mr. sipes is awere (sic) of the water sprinkler being busted in restricted housing on 11/28/21 from 2:00 a.m. untill (sic) 8:00 a.m. that morning my legal property was in the office on the floor in stg abrams office i have retain (sic) legal counsel and requet (sic) a public records request for the camera footage *on this date and the date my legal mail was brought down for my inspection on 12/10/21 * * ** 

(Emphasis added.) *See* Complaint for Writ of Mandamus, Exhibit B.

{¶12} In Turner's Affidavit, submitted as Exhibit A as part of Respondent's evidence, Turner characterizes Harris's December 21, 2021 request as an "electronic grievance" and avers "[t]his system is not intended to accommodate public records request (sic). There are two separate and distinct functions. Inmates may use electronic kites or mail to address public records requests to ODRC staff." Respondent's Evidence,

Exhibit A, Turner Affidavit, ¶ 13. Turner does not allege that Harris did not use the JPay system in submitting his public records request but rather the JPay system may not be used for such requests.

{¶13} This statement by Turner is incorrect. The Ohio Supreme Court recently held in *State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21: "The evidence in this case shows that Griffin used 'JPay,' a different system that allowed him to transmit his kite electronically. We hold that Griffin made his request by electronic submission and satisfied the transmission requirement under R.C. 149.43(C)(2)." Based on the *Griffin* decision, we find Harris properly presented his public records request via JPay.

{¶14} The next question becomes whether Rose had public records in his possession that were responsive to Harris's December 21, 2021 request. Turner addresses the retention of security camera footage at paragraph 8 of her affidavit. She states, in pertinent part:

Section 10(c) governs the retention of videos such as those requested, which provides:

Video images not reviewed as part of an official DRC investigation or official DRC administrative process; not specifically captured on DRC surveillance cameras to record a planned event or transaction, or not part of any matter being litigated or being retained pursuant to a "litigation hold letter" shall be retained a minimum of 14 calendar days. * * *

{¶15} In Exhibits B and C, attached to the Complaint for Writ of Mandamus, Rose never acknowledged Harris's December 21, 2021 public records request. Based on Turner's Affidavit and the Ohio Department of Rehabilitation and Correction's Policy 09-INV-01, the video surveillance, if it existed, should have been preserved for a minimum of 14 calendar days. Therefore, Harris's December 21, 2021 public records request transmitted via JPay was timely as to the request for video surveillance footage from December 10, 2021 when Harris's legal property was delivered to him on this date. Harris never received a response to the timely request.

{¶16} Under R.C. 149.43(C)(2), if a public-records custodian fails to comply with an obligation under R.C. 149.43(B) and the requester transmitted the public-records request by hand-delivery, electronic submission, or certified mail, the requester may be entitled to recover an award of statutory damages. As noted above, Harris's video surveillance footage request from December 10, 2021 was timely transmitted by electronic submission.  Further, if it existed, it should have still been available when it was requested on December 21, 2021. Harris is therefore substantively and procedurally eligible for an award of statutory damages. Damages accrue at the rate of $100 for each business day the public-records custodian fails to comply with an obligation under R.C. 149.43(B), starting from the date of the filing of a mandamus complaint, with a maximum of $1,000. Because Harris filed his Complaint for Writ of Mandamus in February 2021 and Rose still has not properly responded to his December 21, 2021 request, Harris is entitled to the statutory maximum amount of $1,000.

{¶17} However, Harris's JPay public records request for security camera footage from November 28, 2021 was not timely because more than 14 days had passed from

the November incident date until Harris made his request in JPay on December 21, 2021. Therefore, Harris is not entitled to statutory damages with regard to the November 28, 2021 public records request.

*B. The January 13, 2022 Request*

{¶18} Harris also made a public records request by certified mail on January 13, 2022. Turner acknowledges, in her affidavit, that RICI received the request on January 25, 2022. Respondent's Evidence, Exhibit A, Turner Affidavit, ¶ 8. Harris's letter requested six records:

1. Camera footage from 12-10-21 TPU Hallway RH-Range.

2. Camera footage from 11/16/21. Location 5 upper correction officer Desk at 2:00 A.M. until 2:45

3. Incident Report on or about 11/28/21

4. Incident Report on 11/16/21 from officer Mrs. Coffman M.

5. All Reports Incident documentation from LT Sipes. The R.I.B. Board Officer on 11/16/21 11/17/21 11/18/21 11/19/21

6. E-mails from correctional officer Coffman M. to R.I.B. officer Chairman LT Sipes

*See* Complaint for Writ of Mandamus, Exhibit D.

{¶19} On February 15, 2022, Turner responded to Harris's written public records request. Respondent's Evidence, Exhibit A, Turner Affidavit, ¶ 5. Harris received the response on February 19, 2022. *Id.* In her response, Turner indicated the surveillance camera footage for December 10, 2021 and November 16, 2021 were no longer available on the server. *Id.* at ¶ 6. Turner further indicated she could not find any incident reports on or about 11/28/21; 11/16/21 by CO Coffman, no incident reports from Lt. Sipes on

11/16/21, 11/17/21, 11/18/21 or 11/19/21. *Id.* Finally, with regard to the emails from Officer M. Coffman to RIB chair Lt. Sipes, Harris was asked to specify a time frame. *Id.* Harris never provided the time frame for the requested emails. *Id.* at ¶ 7.

{¶20} In her affidavit, Turner avers Harris waited until January 13, 2022 to request the aforementioned December 10, 2021 and November 16, 2021 videos. *Id.* at ¶ 8. RICI received the written request on January 25, 2022. *Id.* As noted above, Harris timely requested the December 10, 2021 surveillance camera footage on December 21, 2021 via JPay. However, Turner is correct that under RICI's Ohio Department of Rehabilitation and Correction Policy 09-INV-01, "Surveillance," the video from November 16, 2021 was not timely requested and was no longer available on the server. *Id.* at ¶ 6.

{¶21} Thus, Rose did not fail to comply with Harris's public records request received on January 25, 2022. The requested records no longer exist or never existed. Further, Harris failed to provide information needed to locate requested emails. Therefore, Harris's January 13, 2022 public records request cannot serve as a basis for statutory damage.

<strong>CONCLUSION</strong>

{¶22} We grant Harris's writ of mandamus as it pertains to the December 21, 2021 JPay request for video surveillance footage from December 10, 2021. The remaining claims in the writ are dismissed. We also award Harris statutory damages in the amount of $1,000. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

WRIT GRANTED IN PART AND DISMISSED IN PART.

COSTS TO RESPONDENT.

IT IS SO ORDERED.


By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.