[Cite as *State ex rel. McCarley v. Dept. of Rehab. & Corr.*, 2022-Ohio-3397.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willard McCarley, | : | |
| Relator, | : | |
| | | No. 20AP-337 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Department of Rehabilitation and Correction, | : | |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on September 27, 2022

*Willard McCarley*, pro se.

*Dave Yost*, Attorney General, and *John H. Bates*.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Willard McCarley, requests this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to relator's public records request.

{¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court issue a writ of mandamus ordering ODRC to furnish unredacted copies of the documents requested by relator that previously had been redacted or withheld based on R.C. 5120.21(F) as records of inmates concerning relator. The magistrate further recommended this court deny

relator's request for statutory damages because his public records request was transmitted by ordinary mail, rather than one of the methods specified in R.C. 149.43(C)(2).

{¶ 3} ODRC has filed an objection to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b).

{¶ 4} In its objection, ODRC asserts the magistrate erred by applying this court's decision in *State ex rel. Hill v. Campbell*, 10th Dist. No. 20AP-510, 2022-Ohio-354, to conclude that the records relator sought were not exempted from disclosure under the Public Records Act pursuant to R.C. 149.43(A)(1)(v) and 5120.21(F). ODRC argues the Supreme Court of Ohio adopted a broad interpretation of R.C. 5120.21(F) in *State ex rel. Hogan Lovells U.S., L.L.P v. Ohio Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, that would exempt the records relator seeks from disclosure under the Public Records Act. ODRC asserts *Hill* is limited to the particular facts of that case and should not have been applied to relator's request for a writ of mandamus.

{¶ 5} Ohio's Public Records Act, R.C. 149.43, "mandates access to public records upon request unless the requested records are specifically excepted from disclosure." *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 170 (2000). Public records are defined as "records kept by any public office." R.C. 149.43(A)(1). The Public Records Act provides an extensive list of exclusions defining records that are not "public records," including "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). "Exceptions to disclosure under the Public Records Act are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 23.

{¶ 6} In this case, relator sought emails from specified individuals concerning relator during specified timeframes. ODRC asserts the emails relator sought were excluded from the definition of public records under R.C. 5120.21(F), which provides that "[e]xcept as otherwise provided in [R.C. 5120.21(C)], records of inmates committed to the

department of rehabilitation and correction * * * shall not be considered public records as defined in [R.C. 149.43]."

{¶ 7}   R.C. 5120.21 generally relates to records that must be maintained by ODRC. Under R.C. 5120.21(A), ODRC must keep "a record showing the name, residence, sex, age, nativity, occupation, condition, and date of entrance or commitment of every inmate in the several institutions governed by it." R.C. 5120.21(B) provides that the managing officer of an institution must make a special report to ODRC within 24 hours of "an accident or injury or peculiar death of an inmate." R.C. 5120.21(C) relates to inmate medical records. R.C. 5120.21(D) specifies certain records that ODRC must keep confidential. R.C. 5120.21(E) provides that ODRC may release inmate records to the Ohio Department of Youth Services or a court of record and that such records shall not be considered public records under R.C. 149.43. R.C. 5120.21(F) provides that "records of inmates" are not considered public records.

{¶ 8}   In *Hogan Lovells*, a law firm requested public records relating to ODRC's plans for carrying out executions by lethal injection. *Hogan Lovells* at ¶ 5. ODRC provided records in response to the request but withheld certain documents that related to activities conducted at a time when ODRC was preparing for the anticipated execution of a particular individual. *Id.* at ¶ 32. ODRC asserted those documents were exempt from the Public Records Act as "records of inmates" under R.C. 5120.21(F). *Id.* at ¶ 35. Analyzing the term "records of inmates," the lead opinion in *Hogan Lovells* concluded that R.C. 5120.21(F) "broadly exempted records that relate or refer to inmates."[1] *Id.* at ¶ 36. The court denied a writ of mandamus, concluding the withheld records were records that related or referred to an inmate "because they provide specific information about [the inmate], document the activities that [O]DRC undertook in preparing to execute him, and refer to facts, circumstances, or activities specifically related to [the inmate]." *Id.* at ¶ 41.

{¶ 9}   Less than a year after *Hogan Lovells*, this court decided *Hill*, in which an inmate requested copies of electronic communications he sent to a parole officer and the

---

[1] As the Supreme Court later noted, the per curiam lead opinion in *Hogan Lovells* was a plurality opinion joined by three justices. *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, __Ohio St.3d__, 2022-Ohio-1765, ¶ 14. One justice concurred in judgment only in *Hogan Lovells* and three other justices concurred in part and dissented in part, dissenting from the lead opinion's broad interpretation of R.C. 5120.21(F). *Hogan Lovells* at ¶ 52-82 (Kennedy, J., dissenting.).

disposition of those communications, and copies of any judgment entries, sentencing entries, or documents regarding sex offenses of which he had been convicted. *Hill* at ¶ 5. We concluded the case was distinguishable from *Hogan Lovells* because the inmate sought records related to himself that formed the basis for denial of his eligibility for transitional control. *Id.* at ¶ 9. We granted a writ of mandamus remanding the matter to ODRC to research the "resource material" upon which the inmate was deemed ineligible for transitional control and noted that if such resource material existed, the inmate had a clear legal right to it. *Id.* at ¶ 17.

{¶ 10} In the present case, following an in camera review of the withheld records, the magistrate concluded that pursuant to *Hill* it was inappropriate to redact or withhold records relating solely to relator on the basis that they were records of inmates under R.C. 5120.21(F).

{¶ 11} After the magistrate's decision in this case, the Supreme Court decided *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, ___Ohio St.3d___, 2022-Ohio-1765. In *Mobley*, an inmate submitted public records requests for a copy of his "inmate master file" and "copies of 'all kites, informal complaints, grievances, and appeals' filed by him through the institution's electronic-kite system." *Id.* at ¶ 2, 3. ODRC asserted the records he sought were exempt from disclosure because they were records of inmates under R.C. 5120.21(F). *Id.* at ¶ 5. ODRC argued the inmate master file contained highly sensitive records and that even though the inmate sought records that only related to himself, they were not public records pursuant to R.C. 5120.21(F). *Id.* at ¶ 15. Although the Supreme Court did not expressly overrule *Hogan Lovells*, it noted that case was "not binding precedent" because only three members of the court joined the lead opinion. *Id.* at ¶ 16. The court effectively rejected the broad holding in *Hogan Lovells* and "decline[d] to adopt a categorical rule that all records that somehow relate to an inmate are exempt from public-records disclosure under R.C. 5120.21(F)." *Id.* The court reasoned that, reading R.C. 5120.21(F) in the context of the entire statute, "the term 'records of inmates' in R.C. 5120.21(F) logically refers to the records mentioned elsewhere in R.C. 5120.21, clarifying that such records are not public records." *Id.* at ¶ 22. Based on this reading of the statute, the court concluded the records sought in *Mobley* did not fall under any of the categories of "records of inmates" identified in R.C. 5120.21 and were subject to disclosure as public records. *Id.* at ¶ 23-26. *See also*

*State ex rel. Suggs v. McConahay*, __Ohio St.3d__, 2022-Ohio-2147, ¶ 10-11 (following *Mobley*); *State ex rel. Reese v. Ohio Dept. of Rehab. & Corr. Legal Dept.*, __Ohio St.3d__, 2022-Ohio-2105, ¶ 22-23 (following *Mobley*).

{¶ 12} Consistent with our decision in *Hill* and the subsequent Supreme Court decision in *Mobley*, in this case the magistrate correctly concluded that the documents relator sought were not exempt from the Public Records Act solely on the basis that they were records of inmates under R.C. 5120.21(F) pertaining to relator. ODRC argues the majority of the records sought by relator are exempt from disclosure under other provisions of R.C. 5120.21 or 149.43.[2] Our conclusion that relator is entitled to the records he seeks is limited to records that were redacted or withheld on grounds that they were "records of inmates" under R.C. 5120.21(F) concerning relator. To the extent the documents requested by relator contain information that is exempt from disclosure on other grounds, ODRC may continue to redact or withhold the exempt documents or portions of documents. *See Mobley* at ¶ 26 ("[T]o the extent that a kite might contain information that is exempt from disclosure, those portions can be redacted."). Accordingly, we overrule ODRC's objection.

{¶ 13} Following an independent review of the magistrate's decision and the objection filed by ODRC, we overrule ODRC's objection. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. For the reasons set forth herein, we issue a writ of mandamus ordering ODRC to produce unredacted copies of institutional records, emails, communications, and other documents as defined in relator's public records request where the redactions or retentions were based on R.C. 5120.21(F) as "records of inmates" related to relator. As explained in the magistrate's decision, adopted by this court, ODRC may continue to withhold or redact records that are not public records under other exceptions to the Public Records Act or constitute "records of inmates" under R.C. 5120.21(F) related to individuals other than

---

[2] In support of its objection, ODRC argues for the first time that the records relator sought could be withheld under Ohio Adm.Code 5120-9-49(F), which provides in relevant part that "[i]n addition to denials justified by exceptions to the Public Records Act, the department may deny a request in the extreme circumstance where compliance would unreasonably interfere with the discharge of the department's duties." This argument is waived because ODRC failed to assert it before the magistrate and raises it for the first time in support of its objection to the magistrate's decision. *See State ex rel. McNew v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-404, 2022-Ohio-1859, ¶ 7 ("This court has held that an argument is waived when it is not asserted before a magistrate and is raised for the first time in objections to the magistrate's decision.").

relator.    Although we grant the writ of mandamus, for the reasons set forth in the magistrate's decision, we deny relator's request for statutory damages.

*Objection overruled;*
*writ of mandamus granted;*
*statutory damages denied.*

LUPER SCHUSTER, and MENTEL, JJ., concur.

_____

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Willard McCarley,            :

      Relator,                                    :

v.                                               :            No.  20AP-337

Department of Rehabilitation            :            (REGULAR CALENDAR)
and Correction,
                                                 :
      Respondent.
                                                 :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 21, 2022

---

*Willard McCarley,* pro se.

*Dave Yost,* Attorney General, *Mark W. Altier,* for respondent.

---

IN MANDAMUS

{¶ 14} Relator, Willard McCarley, filed this original action requesting a writ of mandamus from this court ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to comply with his public records request made under R.C. 149.43. Relator also seeks statutory damages based on respondent's delay in complying with the public records request.

Findings of Fact:

{¶ 15}  1.  Relator filed his complaint for writ of mandamus on June 30, 2020.  At the time of filing, relator was an inmate in the custody of respondent at Marion Correctional Institution ("MCI").

{¶ 16}  2.  The complaint alleges that on or about December 31, 2019 relator mailed a public records request by ordinary U.S. Mail addressed to ODRC's administrative offices in Columbus, Ohio.  A copy of the request attached to relator's complaint demonstrates that relator requested the following records:

> Re: Public Records Request
>
> Dear Legal Department
>
> Please provide me the following public records:
>
> August of 2015 through September of 2015
>
> The following E-Mails involving this inmate at GCI
>
> [One] Inspector Ms. Grundzian
> [Two] Investigator Ms. Wieshire
> [Three] PREA Representative Ms. Gardenshire
> [Four] C/O Morgan
> [Five] OHP Officer Daily
>
>
> April of 2018 through June of 2019
>
> [One] Investigator Mr. Wieshire
> [Two] PREA Representative Ms. Fitzgerald
> [Three] Inspector Ms. Grudzian
> [Four] Deputy Warden Galice
> [Five] Case Manager Mr. Adams
> [Six] HCA Nurse Hannah

{¶ 17}  3.  Relator received a letter dated January 27, 2020 from Sarah E. Pierce, Staff Counsel for ODRC, confirming receipt of the public records request and promising a response within a reasonable amount of time.

{¶ 18}  4.  Relator having received no further response to his public records request, he commenced this original action in mandamus.  ODRC then moved to dismiss the

complaint asserting that the action was moot because ODRC, after commencement of the mandamus action, had supplied relator with the requested public records. The magistrate converted the motion to dismiss to a motion for summary judgment because the motion to dismiss relied on evidence outside the complaint.

{¶ 19} 5. In support of summary judgment, ODRC relied on two affidavits sworn by Sarah Pierce. The first affidavit, dated August 5, 2020, attested that Pierce is responsible for overseeing public record requests for ODRC, that she was familiar with relator's public records request, and that "as of August 5, 2020, ODRC has provided Relator with the requested records, totaling approximately 300 pages, at no cost." Pierce's second affidavit dated August 27, 2020, specified that the August 5, 2020 response to relator's request was furnished via U.S. Mail. The affidavit then attested that, in response to relator's assertion of non-receipt, Pierce provided relator with the following information:

> [Five] As of August 5, 2020, ODRC mailed the requested records via the United States Postal Service, totaling approximately 300 pages, at no cost. I do not have personal knowledge about whether Relator has received the records by mail or not.
>
> [Six] In response to Relator's claim, however, ODRC has ensured that Relator received the records. I directed staff at the Marion Correctional Institution (MCI) to hand-deliver the records I describe in paragraph 5 to Relator, along with the enclosure letter I mailed with those records. On august 26, 2020, I received confirmation from MCI staff that the records and letter had been hand-delivered to Relator.

{¶ 20} 6. Relator opposed summary judgment with an affidavit and copies of several e-mails furnished by ODRC in response to the public records request and containing extensive redactions.

{¶ 21} 7. By order dated October 16, 2020, the magistrate denied ODRC's motion for summary judgment and granted relator's request that the magistrate examine

unredacted copies of the e-mails in question to determine whether ODRC had correctly relied upon various statutory exceptions to the Public Records Act.

{¶ 22} 8. ODRC has supplied for in camera review by the magistrate 210 pages of responsive documents concerning relator's inmate grievances and other conditions of incarceration, with redactions appropriately marked to reflect material omitted from copies given to relator.

{¶ 23} 9. Relator submitted his certified evidence consisting of ODRC's response to admissions pursuant to Civ.R. 36 admitting the accuracy of the institutional legal mail log reflecting relator's mailing of a public records request. Relator also presents the affidavit of a fellow inmate, Steven A. Bozsik, attesting that Bozsik had made a comparable public records request with ODRC and received unredacted copies of e-mails and records similar to those requested by relator.

Discussion and Conclusions of Law:

{¶ 24} The Supreme Court of Ohio has set forth three requirements to be met to establish a right to a writ of mandamus: (1) the relator must establish a clear legal right to the relief prayed for; (2) the respondent must have a clear legal duty to perform the act requested; and (3) the relator must lack a plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 25} This court has jurisdiction and is a suitable venue for an original action in mandamus pursuant to the Ohio Constitution, Article 4, Section 3(B)(1)(b), R.C. 2731.02 and 149.43(C)(1)(b). The latter section establishes that the appropriate remedy to compel compliance with Ohio's Public Records Act is mandamus. State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ., 108 Ohio St.3d 288, 2006-Ohio-903.

{¶ 26} The purpose of the Ohio Public Records Act "is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy." *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264 (1997). Scrutiny of public records allows citizens of the state to evaluate the rationale behind government decisions and hold government officials accountable. *White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416 (1996). R.C. 149.43 must be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374 (1996).

{¶ 27} Provision of the requested records to a relator in a public records mandamus case renders most aspects of the mandamus complaint moot. *State ex rel. Cranford v. Cleveland,* 103 Ohio St.3d 196, 2004-Ohio-4884, ¶ 23. However, because R.C. 149.43(C)(1) provides for an award of statutory damages for undue delay even if the records are eventually provided, this aspect of a mandamus action may not be rendered moot simply because the respondent has provided the relator with the requested materials. *State ex rel. McCray v. Ohio Dept. of Commerce, Div. of State Fire Marshal,* 10th Dist. No. 11AP-1055, 2012-Ohio-2997.

{¶ 28} The present case presents three issues for sequential determination: (1) Has ODRC provided a complete response to relator's public records request, (2) was that response timely, and if not, (3) is relator entitled to statutory damages?

{¶ 29} The first question requires review of the redacted materials to determine whether ODRC has correctly invoked exceptions and exemptions found in the Public Records Act to redact materials in the response. The burden of establishing the applicability of an exception to the Public Records Act resides with the public office

asserting it.  *State ex rel. Rogers v. Ohio Dept. of Rehab. and Corr.,* 155 Ohio St.3d 545, 2018-Ohio-5111.

{¶ 30} The exception claimed by ODRC does not expressly lie within the extensive list of exemptions, exceptions, and definitions of non-public records found in the Public Records Act itself.  Rather, the Act contains a catch-all provision exempting records "the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v).  ODRC relies on this section, coupled with R.C. 5120.21(F), which provides that "[e]xcept as otherwise provided in division (C) of this section, records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code."  ODRC asserts that this applies not only to relator's obtention of records of other inmates, but relator's access to his own records and communications between prison officials addressing relator and his conditions of incarceration.  ODRC relies on a decision of the Ohio Court of Claims, *Bello v. Ohio Dept. of Rehab. and Corr.,* Ct. of Cl. No. 2020-00129PQ, 2020-Ohio-4559, which adopted a broad interpretation of R.C. 5120.21(F) to exclude the requestor's access to audio tapes of hearings of institutional misconduct panels.

{¶ 31} This court, however, in *State ex rel. Hill v. Campbell,* 10th Dist. No. 20AP-510, 2022-Ohio-354, held that R.C. 5120.21(F) would not apply to situations in which the requestor was an inmate and the records sought related to the requestor himself.  The discussion in *Hill* begins with an acknowledgment that the Supreme Court of Ohio, in *State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. and Corr.,* 165 Ohio St.3d 368, 2021-Ohio-1762, recognized the broad exception found in R.C. 5120.21(F):

> In Hogan Lovells, the Supreme Court of Ohio held that "[b]ecause the definitions of 'records' and 'inmates' are not in question, the meaning of 'records of inmates' turns on 'of,' a word of many uses. * * * Here, 'of' simply means 'relating to,' 'with reference to,' or 'about.' * * * So in looking at R.C. 5120.21(F) alone, it is evident that the General Assembly broadly exempted records that relate or refer to inmates." *Id.* at ¶ 36, quoting *Webster's Third New International Dictionary* 1565 (1993). The court went on to state specifically, however, that "[t]he question before this court is whether the records [O]DRC withheld in response to request No. 16 are records that relate or refer to an inmate. We hold that the withheld records fit within that definition because they provide specific information about [inmate] Henness, document the activities that [O]DRC undertook in preparing to execute him, and refer to facts, circumstances, or activities specifically related to [inmate] Henness." *Id.* at ¶ 41.

*Hill* at ¶ 8.

**{¶ 32}** This court's decision in *Hill*, however, found an important distinction when the inmate is requesting his own records:

> We distinguish the facts in *Hogan Lovells* from the facts in this case. In *Hogan Lovells*, Hogan Lovells, a law firm, sought records of the lethal injection of a particular inmate. Here, the records which Hill seeks: (1) relate to himself, and (2) are the basis of the Ohio Adult Parole Authority's ("OAPA") denial of his eligibility for Transitional Control. Specifically, Hill seeks "judgment entries, sentencing entries, and/or documents" regarding any sex or arson offenses of which Hill has been convicted as either a juvenile or an adult. (Compl. at ¶ 20.) Hill denies that he has ever been convicted of a sex or arson offense. To apply the holding in *Hogan Lovells* regarding the definition of records of inmates to this case prevents Hill from researching, verifying, and objecting to the OAPA's denial of his eligibility on these grounds.

*Id.* at ¶ 9.

**{¶ 33}** It is apparent that the vast majority of the redactions made in response to relator's public records request rely on R.C. 5120.21(F) to define inmate records as not available through a public records request. In fact, ODRC advances no other argument for

exempting documents or redacting portions of documents. Pursuant to *Hill*, redaction or retention of records pertaining solely to relator on this basis is not appropriate.

{¶ 34} The magistrate therefore concludes that a writ must issue pursuant to which ODRC will furnish to relator unredacted copies of institutional records, e-mails, communications, and other documents as defined in relator's public records request, where redactions and retentions were based upon R.C. 5120.21(F) as applied to inmate records concerning relator. ODRC may continue to withhold or redact records that are either (1) not public pursuant to other exceptions found in Ohio's Public Records Act or (2) disclose inmate information about inmates other than relator pursuant to R.C. 5120.21(F).

{¶ 35} Relator also seeks statutory damages in this matter pursuant to R.C. 149.43(C). That section provides that, if the court determines the public office responsible for the requested records has failed to comply with an obligation of the Public Records Act, the requestor may recover statutory damages. The section further provides however, that damages are awardable only "[i]f a requester transmits a written request by hand delivery, electronic submission, or certified mail." R.C. 149.43(C)(2)[3]. Relator's complaint and affidavit make clear that his request was transmitted by United States Ordinary Mail. Relator has also attached to his pleading a photocopy of an envelope indicating that this was the means of delivery of his public records request. Statutory damages therefore are not awardable. *State ex rel. Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216.

{¶ 36} It is therefore the decision and recommendation of the magistrate that a writ issue ordering production of the documents in response to relator's public records request

---

[3] Non-substantive amendments to this section will take effect April 29, 2022, enacted by 2022 HB 93.

as described above, but that no statutory damages may be awarded in this matter despite ODRC's failure to fully and promptly comply with its statutory obligation under the Public Records Act.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).