[Cite as *State ex rel. Spivey v. Lauger*, 2023-Ohio-888.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>LEKEV H. SPIVEY,<br><br>Relator,<br><br>- vs -<br><br>L. LAUGER, MAILROOM<br>CUSTODIAN,<br><br>Respondent. | CASE NO. 2022-A-0018<br><br>Original Action for Writ of Mandamus |

**P E R   C U R I A M**
**O P I N I O N**

Decided:  March 20, 2023
Judgment:  Petition dismissed

*Lekev H. Spivey*, pro se, PID# A671-641, North Central Correctional Complex, P.O. Box 1812, Marion, OH 43302 (Relator).

*Timothy J. Bojanowski*, Struck Love Bojanowski & Acedo, PLC, 3100 West Ray Road, Suite 300, Chandler, AZ 85226 (For Respondent).

PER CURIAM.

{¶1}   On March 30, 2022, relator, Lekev H. Spivey, filed a petition for writ of mandamus. Relator seeks the production of multiple alleged public records associated with prison officials, prison staff, and prison inmates who have been either exposed to, quarantined as a result of, and/or tested positive for COVID-19.

{¶2}   Respondent, L. Lauger, subsequently filed an answer to the pleading.  In her answer, respondent requested that relator's complaint be dismissed with prejudice.

Respondent, however, did not file a formal motion to dismiss with supporting argumentation and/or other supportive materials. On August 3, 2022, this court issued an alternative writ for respondent to file a dispositive motion to dismiss or motion for summary judgment with supporting materials within 20 days of service of the order. This court ordered relator to file any response in opposition within 10 days of the respondent's filing.

{¶3} On August 22, 2022, respondent filed her motion for summary judgment with an affidavit in support. Although relator did not file a response within the deadline set by this court, he filed a motion for extension of time on September 7, 2022, which this court granted. Relator was ordered to file any response by October 7, 2022. Relator did not file his response until October 11, 2022. On December 7, 2022, relator filed a motion for summary judgment, which was duly opposed by respondent. Later, on January 26, 2023, respondent filed a reply brief in response to relator's delayed memorandum in opposition, which included argumentation that the memorandum should be stricken as untimely. We will treat this pleading as a combined reply brief and motion to strike. On February 13, 2023, relator filed a reply (or a sur-reply) to respondent's January 26 reply brief/motion to strike.

{¶4} This matter is now before the court on respondent's motion for summary judgment; relator's memorandum in opposition to summary judgment; respondent's combined reply brief in response to relator's memorandum and respondent's motion to strike the memorandum as untimely; and relator's motion for summary judgment as well as respondent's memorandum in opposition.

Case No. 2022-A-0018

{¶5} A petition for writ of mandamus is the appropriate vehicle to compel compliance with Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. Generally, to be entitled to a writ of mandamus, the relator must be able to satisfy the following three elements: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan*, 11th Dist. Trumbull No. 2004-T-0088, 2004-Ohio-6951, ¶ 4, citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729, 590 N.E. 2d 1257 (1992). A relator in a public-records-request case, however, is not required to establish a lack of an adequate remedy at law. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

{¶6} Civ.R. 56(C) provides that summary judgment is proper when:

> (1) [n]o genuine issue as to any material fact remains to be litigated;
>
> (2) the moving party is entitled to judgment as a matter of law; and
>
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶7} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial

3

Case No. 2022-A-0018

court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Dresher.* at 293.

{¶8}   In support of her motion, respondent avers that Lake Erie Correctional Institution ("LECI") is a private penal institution owned and operated by CoreCivic, Inc. and thus is not a public office, official, or actor.  Respondent additionally avers that she is a mailroom clerk at LECI and accordingly is not a public official or actor, let alone the custodian of records or the individual with authority to compile records for the institution. Respondent asserts that the COVID-19 records relator seeks are not compiled by LECI and, if they exist, the Ohio Department of Rehabilitation and Correction ("ODRC") would be the proper public office from which relator should petition relief.  For these reasons, respondent contends relator has failed to create a genuine issue of material fact.

{¶9}   Moreover, respondent maintains that relator is not entitled to a writ of mandamus because he is not seeking specific and defined records, but rather is merely making an omnibus request for information not kept as a record.  In effect, because there is no record kept at LECI containing the information relator is seeking, he is asking respondent to embark on an information-compiling expedition – a request respondent has no legal duty to satisfy and not appropriate for relief in mandamus. *State ex rel. Mayrides v. Whitehall*, 62 Ohio St.3d 203, 580 N.E.2d 1089 (1991) ("[t]he Public Records Act, R.C. 149.43, does not require that a public office create documents to meet a requester's

4

demands"); *see also State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 14 ("[u]nder the public records statute, the government has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand") *State ex rel. Youngstown Publishing Co. v. Youngstown*, 7th Dist. Mahoning No. 05 MA 66, 2006-Ohio-7272, ¶ 29 (holding that a public office has no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records); *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 WL 173743, *1 (Apr. 28, 1993) ("[r]elator has not cited any authority under which this court could-pursuant to R.C. 149.43-compel a governmental unit to do research * * *")  Therefore, respondent concludes relator has failed to demonstrate a genuine issue of material fact that he is entitled to relief in mandamus.

{¶10}  Relator's memorandum in opposition was filed late, after this court granted an extension of time.  We recognize we may disregard an untimely filing.  *See Canady v. Rekau & Rekau, Inc.*, 10th Dist. Franklin No. 09AP-32, 2009-Ohio-4974, ¶ 16.  Still, in the interest of justice, we shall consider relator's arguments contra summary judgment.  In this respect, respondent's motion to strike relator's memorandum is overruled.  Further, it bears noting that relator filed a motion for summary judgment.  That motion echoes, if not repeats, the same arguments advanced in relator's memorandum in opposition.  Thus, we shall consider the arguments in each filing together.

{¶11}  Initially, relator does not dispute, let alone refute, any of the averments set forth in the affidavit attached to respondent's motion for summary judgment.  Instead, relator argues LECI and Ms. Lauger are functional public officials or actors because they are involved in housing inmates via a contract with the state of Ohio and the ODRC.  In

5

effect, he maintains respondent carries out a government function and thus may be treated as a public office and a public official. In support, relator cites *State ex rel. Freedom Communications, Inc. v. Elida Community Fire Co.*, 82 Ohio St.3d 578, 697 N.E.2d 210 (1998), wherein the Supreme Court of Ohio observed:

> **{¶12}** R.C. 149.011(A) defines '[p]ublic office' as 'any state agency, *public institution,* political subdivision, *or any other* organized body, office, agency, institution, or *entity established by the laws of this state for the exercise of any function of government.*'
>
> An entity need not be operated by the state or a political subdivision thereof to be a public office under R.C. 149.011(A). The mere fact that ECFC is a private, nonprofit corporation does not preclude it from being a public office.

*State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 260, 602 N.E.2d 1159, 1161. (Emphasis sic.) *Elida Community Fire Co.*at 579.

**{¶13}** In light of this point, relator concludes he made a clear and concise request for certain COVID-19 records which, he alleges, are "in Respondent's possession." He further concludes that respondent is "actually responsible for the records sought and is responsible for providing copies."

**{¶14}** With the foregoing in mind, even assuming relator has created a genuine issue of material fact regarding respondent's status as a public office (the institution) or public officials (the institution and Ms. Lauger) *and* he has a legal right to the alleged public records, he has failed to demonstrate the named respondent has a duty to meet his request. Relator has failed to adduce any evidence that would undermine respondent's averment that Ms. Lauger, as a mailroom clerk, is an individual with access to or the official capacity to gather the alleged records. Moreover, he does not set forth evidentiary quality materials to create a genuine issue of material fact that LECI, in fact,

6

is the custodian of the alleged records that he is seeking.   As such, relator has failed to undercut respondent's averment that she or her employer keep no such records.  To this point, relator has additionally failed to demonstrate a clear duty on respondent's behalf to produce the documents.   Given the pleadings and the evidentiary materials before this court, to appease relator's request would require respondent to proceed on a data-collection odyssey outside the scope of any legal duty identified by relator.

{¶15}  For these reasons, relator has failed to create an issue for litigation on the second prong of the mandamus test.  Accordingly, respondent's motion for summary judgment is hereby granted, and relator's motion for summary judgment is overruled.  Relator's petition for writ of mandamus is hereby dismissed.


MARY JANE TRAPP, J., MATT LYNCH, J., EUGENE A. LUCCI, J., concur.