[Cite as *State ex rel. Chester v. Booth*, 2024-Ohio-298.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. ISAAC CHESTER, | CASE NO. 2023-T-0082 |
| Relator, | Original Action for Writ of Mandamus |
| - vs - | |
| GLEN BOOTH, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: January 29, 2024
Judgment: Petition dismissed

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Camp, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *John H. Bates*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}   On October 23, 2023, Relator, Isaac Chester, filed a Complaint for Writ of Mandamus.  Relator alleged that Respondent, Glen Booth, the Trumbull Correctional Institute's Public Information Officer, had failed to comply with his public records request and provide the Trumbull Correctional Camp's budget, payroll, staff, and job assignments.

{¶2}   On December 6, 2023, Respondent moved to dismiss this action.  Relator then moved to dismiss Respondent's motion to dismiss.

{¶3} For the following reasons, Respondent's motion to dismiss is granted. Relator's motion is denied.

{¶4} Respondent asserts several grounds for dismissal. Many of his assertions require factual information and determinations that are premature and not appropriate to raise in a motion to dismiss. We therefore do not render judgment on those assertions.

{¶5} Respondent first argues that Relator failed to comply with R.C. 2969.25(A) and (C).

{¶6} R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶7} R.C. 2969.25(C) requires that an inmate who seeks a waiver of the prepayment of filing fees shall also file a statement, certified by the institutional cashier, setting forth the balance of his inmate account for the six months previous to the filing of the complaint.

{¶8} "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. An original action for mandamus filed in the court of appeals is considered a "civil action" for the purposes of R.C. 2969.25(A). *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 3; *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 3.

2

{¶9} Relator did not attach an affidavit of previous civil actions or appeals to his complaint as required by R.C. 2969.25(A). Although Relator filed a statement setting forth his inmate account balance for the six months prior to filing his complaint, the institutional cashier did not certify the statement as required by R.C. 2969.25(C). Accordingly, Relator's complaint is dismissed.

{¶10} Respondent also asserts that Relator did not comply with R.C. 2731.04.

{¶11} R.C. 2731.04 provides: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Relator did not initially verify his petition for a writ of mandamus by affidavit.

{¶12} The failure to verify the petition by affidavit at the time of filing as provided in R.C. 2731.04 has been "displaced by Civ.R. 11." *State ex rel. Madison v. Cotner*, 66 Ohio St.2d 448, 450, 423 N.E.2d 72 (1981). Civ.R. 11 provides in part: "Except as otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." This portion of Respondent's Motion to Dismiss is not well taken and is not part of our basis for dismissal.

{¶13} Respondent's motion to dismiss is granted for failure to comply with R.C. 2969.25(A) and (C). Relator's motion to dismiss Respondent's motion to dismiss is denied. Relator's "Complaint for Writ of Mandamus" is dismissed.


MATT LYNCH, J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.

3

Case No. 2023-T-0082