[Cite as *State ex rel. Chester v. Booth*, 2024-Ohio-1858.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
ISAAC CHESTER,

Relator,

- vs -

GLEN BOOTH,

Respondent.

CASE NO. 2023-T-0079

Original Action for Writ of Mandamus

**P E R   C U R I A M
O P I N I O N**

Decided: May 13, 2024
Judgment: Complaint dismissed

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Camp, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Dave Yost*, Ohio Attorney General, *Matthew P. Convery*, Senior Assistant Attorney General, State Office Tower, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} On October 2, 2023, relator, Isaac Chester, filed an original action via a "Complaint for Writ of Mandamus" in this court. In his complaint, relator asserts he has advanced several requests for copies of certain "Kites," a platform accessible by inmates to send informal messages or grievances. Relator asserts respondent, Glen Booth, Warden Assistant at the Trumbull Correctional Institution, failed to adequately respond to his request and therefore he is entitled to statutory damages under R.C. 149.43(C).

{¶2}    On October 26, 2023, respondent filed a motion to dismiss the "Complaint" for failure to state a claim upon which relief can be granted.  Although relator subsequently filed a "Motion to Dismiss Respondent's Motion to Dismiss," this court sua sponte converted respondent's motion to dismiss to a motion for summary judgment.  This court accordingly ordered the parties to file supplemental briefing with supporting evidentiary-quality materials.

{¶3}    Respondent filed a motion for summary judgment with supportive materials and relator opposed the motion.  Relator also filed a motion for summary judgment with supportive materials. For the following reasons, respondent's motion for summary judgment is granted and relator's motion is overruled.

{¶4}    In his "Complaint for Writ of Mandamus," relator claims that, on August 24, 2023, he requested that respondent provide him with copies of five previously sent kites. The following day, respondent answered relator's request and assured him the copies would be made available at five cents per copy. Relator contends that, as of the date of the filing of the underlying complaint, he had not received the requested kites.  He seeks statutory damages in the amount of $1,000.

{¶5}    Respondent moved to dismiss the complaint pursuant to Civ.R. 12(B)(6). Respondent did not dispute relator made the request and that he notified relator that the copies cost five cents per page.  At the time of the request, however, respondent averred relator only had four cents available in his account.  Relator did not follow up on the original request or contact respondent prior to filing the instant matter.  Respondent further avers that, on October 6, 2023, once relator had sufficient funds to pay for the kites, respondent hand-delivered the requested kites.

2

{¶6} Relator filed a brief in opposition to respondent's motion to dismiss. In his brief, relator did not dispute respondent complied with his request. He, however, attached a copy of his Trumbull Correctional Institution Account Balance. At the time he filed his request, the account reflected a balance of $4.17. The additional filings submitted during the summary judgment exercise served to further support the parties' relative positions outlined above.

{¶7} Pursuant to Civ.R. 56, the moving party is entitled to prevail on a motion for summary judgment when he or she can demonstrate: "(1) there are no genuine issues of fact remaining to litigate; (2) the moving party is entitled to judgment as a matter of law; and (3) even when the evidentiary materials are construed in a manner most favorable to the non-moving party, the nature of those materials are such that a reasonable person could only reach a conclusion against the non-moving party." (Citation omitted.) *State ex rel. Zimcosky v. Collins,* 11th Dist. Lake No. 2009-L-141, 2010-Ohio-1716, ¶ 18.

{¶8} "A public office may establish by affidavit that all existing public records have been provided." *State ex rel. Howson v. Delaware Cty. Sheriff's Office*, 171 Ohio St.3d 321, 2023-Ohio-1440, 217 N.E.3d 703, ¶ 18, citing *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15 (Where a requesting party claimed that all records were not produced by the public office, the unrebutted affidavit by an agent of the public office that all available records were produced rendered the petition for writ of mandamus moot.). The requester may rebut the affidavit showing, by clear and convincing evidence, an issue of fact regarding whether additional responsive records exist or that they were not delivered. *State ex rel.*

*Frank v. Clermont Cty. Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, ¶ 15.

{¶9} "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case and that produces in the trier of fact's mind a firm belief as to the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 14. "If the requester does not rebut the public office's evidence that it responded fully to the public-records request, this court will deny the writ." *Howson* at ¶ 18, citing *Frank* at ¶ 16.

{¶10} Here, respondent's affidavit avers that, per the Ohio Department of Rehabilitation and Corrections' policy, Trumbull Correctional Institution charges five cents per page for printed public records' requests. Respondent also avers that, at the time of the request, relator had only four cents in his account. Relator did not contact respondent after submitting his requests, but respondent avers, upon reviewing relator's personal account on September 28, 2023, he noticed relator had sufficient funds. Respondent avers, upon relator accumulating adequate funds, he hand-delivered the copied requests on October 6, 2023.

{¶11} Relator filed his complaint on October 2, 2023, several days before respondent complied with the request. In his memorandum opposing dismissal, relator acknowledges the payment policy and also recognizes respondent's ultimate compliance with his request, but relator claims respondent provided false averments in his affidavit regarding the monetary amount available in his personal account at the time of his

4

request. He further contends that "there was no reason for the 43-day delay in receiving the requested public documents at a cost of .25 cents."

{¶12} Initially, relator's brief in opposition simply argues that respondent incorrectly asserts he lacked sufficient funds at the time of the request to provide the documents. To wit, in his brief in opposition, relator asserts, pursuant to a "financial demand statement" attached to his brief in opposition, that he possessed $4.17 in his prison account, far more than the .25 cents required to process the request. As such, he claims he is entitled to relief in mandamus. Relator's argument requires a twofold analysis.

{¶13} First, respondent's unrefuted representation that the kites were produced renders relator's claim in mandamus moot. "Under R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, which renders the mandamus claim for production of records moot." *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 13, citing *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22.

{¶14} Moreover, although relator does not specifically take issue with this point, a public office may require prepayment for public-records' requests. *See* R.C. 149.43(B)(7)(a). *See also State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶ 4. Respondent averred that, pursuant to Ohio Department of Rehabilitation and Corrections' policy, and consistent with R.C. 149.43, Trumbull Correctional Institution charges five cents per page for printed public records request. Relator does not dispute this point. We therefore see no irregularity in the process Trumbull Correctional Institution utilizes in seeking remuneration for the copies.

5

**{¶15}** Construing the facts in relator's complaint as true, in conjunction with respondent's motion and affidavit, respondent has complied with relator's request. As a result, relator's "Complaint for Writ of Mandamus" is dismissed as moot.

**{¶16}** Notwithstanding the "Complaint's" mootness, relator failed to meet certain, mandatory statutory requirements for filing "multiple civil actions" against a government entity. *See* R.C. 2969.25. R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Further, R.C. 2969.25(C) requires that an inmate seeking a waiver of the prepayment of filing fees shall also file a statement, certified by the institutional cashier, setting forth the balance of his inmate account for the six months previous to the filing of the complaint.

**{¶17}** Recently, in a previous mandamus action filed by relator, this court observed:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. An original action for mandamus filed in the court of appeals is considered a "civil action" for the purposes of R.C. 2969.25(A). *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 3; *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 3.

*State ex rel. Chester v. Booth*, 11th Dist. Trumbull No. 2023-T-0082, 2024-Ohio-298, ¶ 8.

**{¶18}** Moreover, "R.C. 2969.25(A) * * * requires that the affidavit be filed '[a]*t the time that an inmate commences a civil action* or appeal against a government entity or

Case No. 2023-T-0079

employee.'" (Emphasis sic.) *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. And, similarly, belated attempts to correct procedural deficiencies with the documents required by R.C. 2969.25(C) do not excuse noncompliance because a certified cashier's statement must be filed at the time the complaint is filed. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1.

{¶19} Relator did not attach an affidavit of previous civil actions or appeals to his complaint as required by R.C. 2969.25(A). As evidenced by relator's prior case in this court in *Booth*, 2024-Ohio-298, he has had *at least* one civil case wherein he filed suit against the same respondent in this matter. Moreover, although relator filed a statement setting forth his inmate account balance for the previous *three* months prior to filing his complaint, he did not document his account balance for the previous *six* months. Also, the institutional cashier did not certify the statement as required by R.C. 2969.25(C). *Booth* at ¶ 9.

{¶20} Respondent did not advance the foregoing statutory arguments in his original motion to dismiss. Nevertheless, relator's failure to follow the proper procedures is sufficient to dismiss his "Complaint" as a matter of law. *Booth* at ¶ 13.

{¶21} We must next address whether relator is eligible for statutory damages. Relator claims that respondent falsely averred that he did not have adequate funds to pay for his requests. Relator attaches a copy of his Trumbull Correctional Institution Account Balance that ostensibly shows he had a balance of $4.17 to his brief in opposition. Respondent did not file a reply to the brief. Here, however, relator merely avers he sent a request to respondent for the kites; respondent, however, averred that "[o]n or about

7

August 24, 2023, *I received a Kite* from Inmate Isaac Chester requesting printed copies of previous Kites Inmate Chester sent." (Emphasis added.)

{¶22} A person seeking public records is entitled to statutory damages "if a court determines the public office or the person responsible for [the] public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). Moreover, even if the relator fails to prevail on a mandamus claim, he or she may still receive an award of statutory damages if he or she shows the respondent took an unreasonable length of time to produce the records. *See, e.g., State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 13. Indeed, "[s]tatutory damages may be awarded if the public record has not been provided promptly." *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 22; *see also* R.C. 149.43(C)(1). Notwithstanding these principles, due to the procedural deficiencies discussed infra, relator's "Complaint" is procedurally defective and requires dismissal.

{¶23} Relator's "Complaint" is a unified, singular pleading which seeks relief in mandamus and statutory damages. Because of this, it is unnecessary to broach the question of whether the 42 days between request and compliance, given the surrounding circumstances, was reasonable. "Failure to comply with R.C. 2969.25 is a ground for dismissal." *Dunkle v. Hill*, 165 Ohio St.3d 580, 2021-Ohio-3835, 180 N.E.3d 1125, ¶ 6, 9, 11. (Affirming dismissal of petition in habeas corpus where relator did not comply with R.C. 2969.25(A) and (C).) *See also State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. (Dismissing petition for writ of mandamus for failure to comply with R.C. 2969.25.) Because relator's claim for statutory damages is

8

inextricably connected to his "Complaint," and his "Complaint" must be dismissed as statutorily insufficient, we conclude his claim for statutory damages must also fail.

{¶24} For the reasons discussed in this per curiam opinion, respondent's motion for summary judgment is granted; relator's motion for summary judgment is overruled and his "Complaint for Mandamus" is dismissed.

EUGENE A. LUCCI, P.J., MARY JANE TRAPP, J., ROBERT J. PATTON, J., concur.

Case No. 2023-T-0079