[Cite as *State ex rel. Tenney v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1602.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
MICHAEL TENNEY,

      Relator,

    - vs -

OHIO DEP'T OF REHAB. & CORR.,

      Respondent.

CASE NO. 2024-T-0046

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Petition denied

---

*Michael Tenney*, pro se, PID# A704-630, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, OH 43950 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, *D. Chadd McKitrick*, Senior Assistant Attorney General, and *Adam J. Beckler*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Pending before this court is relator, Michael Tenney's, "Mandamus Action Pursuant to R.C. 149.43(C)(1)(b)." Respondent, the Ohio Department of Rehabilitation and Correction (ODRC) has filed a Motion for Summary Judgment. For the following reasons, we grant ODRC's Motion for Summary Judgment and deny Tenney's "Mandamus Action."

{¶2} On May 28, 2024, Tenney filed his "Mandamus Action." Therein, Tenney,

who was a prisoner at the Trumbull Correctional Institution, asserted that he had requested public records from the Warden's assistant relating to prison mail but that he was provided only "a small portion of the records available" and did not receive information about the identity of every person who handled the mail. Attached was Tenney's records request, in which he indicated that he had not timely received tracking information for certified mail. He further stated: "I am requesting public records electronically, pursuant to R.C. 149.43 in regards to all the mail that I . . . have sent and paid for 'certified' as well as any postage I have paid for. To be specific, I am requesting any and all documentation from [A]pril 20th 2023 to [A]pril 20[,] 2024 of the aforementioned including dates the mail was picked up from the TC[I] inmate mail box, every person who has handled the aforementioned mail, the date the funds were processed, the person who processed the funds and finally, the dates the mail was sent to the post office." In the present action, Tenney requests that the respondent be ordered to comply with R.C. 149.43 to provide all records and argues he is entitled to statutory damages for the failure to do so.

{¶3} ODRC filed a Motion to Dismiss Complaint on June 25, 2024, on grounds relating to Tenney's failure to provide documentation necessary to proceed on a mandamus action. This court issued a Judgment Entry on August 2, 2024, overruling the Motion to Dismiss. ODRC subsequently filed an Answer. Following a status conference, this court issued an entry setting the timeline for filing dispositive motions.

{¶4} On January 9, 2025, ODRC filed a Motion for Summary Judgment. ODRC argues that it provided documents responsive to Tenney's public records request, it cannot provide him with documents that do not exist, and it redacted documents including

Case No. 2024-T-0046

other inmates' information due to safety concerns. Attached to the Motion was the affidavit of Cheri Kleinknecht, the Warden's Administrative Assistant at Trumbull Correctional Institution and its Public Information Officer who oversees requests for public records. She attested that she received the electronic request from Tenney and that it "appeared to stem from an issue he had pertaining [to] legal mail he had sent." Three days after the request, she responded to him, stating that "any responsive records will be provided at .05 cents per page" and forwarded his concerns regarding the processing of his mail to the mailroom supervisor. She averred that she researched TCI records, and two weeks after his request, she "delivered to Mr. Tenney all documents available at TCI that were responsive to his request and not confidential under Ohio law" as well as a cover letter to explain which records were available, withheld, or redacted.

{¶5} According to the affidavit and attachments, the records Kleinknecht provided to Tenney are: a redacted mail log from February 9, 2023, to April 20, 2024, which contained information about only Tenney's mail sent during that time; an "Inmate Demand Statement" from April 20, 2023 through April 24, 2024, showing Tenney's account expenses including postage; and page 24 of "Post Orders" for the "Rover 1" corrections officer position, which specified that the Rover collected inmate mail from a mailbox and delivered it to the shift supervisor. Kleinknecht attested that she found no other documents responsive to Tenney's requests: "For instance, TCI does not collect information and record in a document specifically who collects mail from the inmate mailbox, the names of every person who handles inmate mail, and the specific dates of when mail is picked up from the inmate mailbox." She indicated that she made redactions to the mail log and Post Order due to security concerns, since "[d]isclosure of this

Case No. 2024-T-0046

information could subject the prison staff, incarcerated population, and public to risk of their safety."

**{¶6}** Tenney has not filed a response to the Motion for Summary Judgment.

**{¶7}** To be entitled to summary judgment, the moving party must demonstrate "there is no genuine issue as to any material fact;" it is "entitled to judgment as a matter of law;" and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence . . . construed most strongly in the party's favor." Civ.R. 56(C).

**{¶8}** Generally, a relator must be able to satisfy the following three elements to be entitled to a writ of mandamus: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan*, 2004-Ohio-6951, ¶ 4 (11th Dist.), citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729 (1992). "The Supreme Court of Ohio has held that mandamus is the appropriate remedy to force compliance with the public records statute." *State ex rel. Tenney v. Rice*, 2023-Ohio-4269, ¶ 6 (11th Dist.), citing *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*, 78 Ohio St.3d 518, 520 (1997). "Thus, persons seeking public records need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus." *Id.*; *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10 (to obtain a writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it").

{¶9} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). There is no question that Tenney made a request for records and that Kleinknecht, the individual responsible for providing TCI records, supplied some documents. He was provided information about his own mail dates and expense account statements showing his payment of postage costs. He was also provided a policy explaining the position of an individual who collects mail. Tenney argues, however, that he was not provided with all relevant records, particularly information about "dates the mail was picked up and *every person* who handled the mail."

{¶10} Pursuant to Kleinknecht's affidavit and records submitted, ODRC claims that the foregoing documents were the only existing records pertinent to his request. While Tenney argues he was not provided with specific details such as the names of all people handling prison mail, Kleinknecht asserted in her affidavit that "TCI does not collect information and record in a document specifically who collects mail from the inmate mailbox, the names of every person who handles inmate mail, and the specific dates of when mail is picked up from the inmate mailbox." Further, she stated that she "delivered to Mr. Tenney all the documents available at TCI that were responsive to his request and not confidential under Ohio law." "A public office may establish by affidavit that all existing public records have been provided." *State ex rel. Howson v. Delaware Cty. Sheriff's Office*, 2023-Ohio-1440, ¶ 18; *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 15. "The requester may rebut the affidavit showing, by clear and convincing evidence, an issue of fact regarding whether additional responsive

Case No. 2024-T-0046

records exist or that they were not delivered." *State ex rel. Chester v. Booth*, 2024-Ohio-1858, ¶ 8 (11th Dist.). "If the requester does not rebut the public office's evidence that it responded fully to the public-records request, this court will deny the writ." *Id.* at ¶ 9, citing *Howson* at ¶ 18.

{¶11} Tenney has not rebutted the evidence that ODRC fully responded to the public records request as is required. Certain records were provided, such as the job duties for a "Rover" which included picking up mail and providing it to a shift supervisor, and it was alleged that other records relating to who collected the mail did not exist. "The Public Records Act, R.C. 149.43, does not require that a public office create documents to meet a requester's demands." *State ex rel. Spivey v. Lauger*, 2023-Ohio-888, ¶ 9 (11th Dist.), citing *State ex rel. Mayrides v. Whitehall*, 62 Ohio St.3d 203 (1991).

{¶12} Kleinknecht's affidavit further contends that information from the mail logs provided to Tenney contained redactions because he was not permitted to review other inmates' mail log records or information. Tenney does not set forth a claim that he requested or was denied information relating to other inmate's mail but instead that he was not provided the dates mail was picked up and the name of everyone who picked up mail. The dates were not redacted from the log, so there is no dispute that the log complied with the date request. The name of the person who picked up the mail was not information recorded on the log. Nonetheless, we observe that "records of inmates committed to the department of rehabilitation and correction . . . shall not be considered as public records as defined in section 149.43 of the Revised Code." R.C. 5120.21(F). The ODRC may withhold or redact records that are not public or that "disclose inmate information about inmates other than relator pursuant to R.C. 5120.21(F)." *State ex rel.*

Case No. 2024-T-0046

*McCarley v. Dept. of Rehab. and Corr.*, 2022-Ohio-3397, ¶ 34 (10th Dist.).

{¶13} In summary, ODRC has demonstrated via affidavit testimony that it has provided all existing and responsive public records relating to Tenney's request. Tenney's failure to rebut any of the ODRC's assertions necessitates denial of the writ. *Chester*, 2024-Ohio-1858, at ¶ 9 (11th Dist.).

{¶14} For the foregoing reasons, the Ohio Department of Rehabilitation and Correction's Motion for Summary Judgment is granted and Tenney's "Mandamus Action" is denied.

JOHN J. EKLUND, J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, respondent's Motion for Summary Judgment is granted. Relator's "Mandamus Action Pursuant to R.C. 149.43(C)(1)(b)" is denied. Costs to be taxed against relator.

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-T-0046